IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CESAR REYES TAPIA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **J.L. JAMISON**, in his official capacity as Warden of Federal Detention Center, Philadelphia, **BRIAN MCSHANE**, in his official capacity as Acting Philadelphia Field Office Director, United States Immigration and Customs Enforcement, **TODD LYONS**, in his official capacity as Acting Director of Immigration and Customs Enforcement, Secretary of the DHS **KRISTI NOEM**, in her official capacity as Secretary of the Department of Homeland Security, **DEPARTMENT OF HOMELAND SECURITY**, **PAMELA BONDI**, Attorney General of the United States | : : : : : : : : : : : : | **NO. 25-7345** |

## ORDER

**NOW**, this 30th day of December, 2025, upon consideration of Petitioner Cesar Reyes Tapia's Petition for Writ of Habeas Corpus (Doc. No. 1) and the government's opposition, **IT IS ORDERED** that the petition is **GRANTED**.

**IT IS FURTHER ORDERED** that:

1. Reyes Tapia is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. The government shall release Reyes Tapia from custody immediately and certify compliance with this order by filing proof of his release on the docket no later than **10:00 A.M. E.T.** on **December 31, 2025**.

3. The government is temporarily enjoined from re-detaining Reyes Tapia for seven days following his release from custody.

4. If the government pursues re-detention of Reyes Tapia, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

5. The government shall not remove, transfer, or otherwise facilitate the removal of Reyes Tapia from the Eastern District of Pennsylvania prior to the ordered bond hearing.

6. If the immigration judge determines Reyes Tapia is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Reyes Tapia if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania. That request must set forth the grounds for the request and a proposed destination.[1]

7. Reyes Tapia's Motion for Temporary Restraining Order (Doc. No. 2) is **DENIED** as **MOOT**.

_____
TIMOTHY J. SAVAGE, J.

---

[1] Reyes Tapia, a citizen of the Dominican Republic, entered the United States on December 12, 2022 without inspection. Pet. Writ Habeas Corpus ("Pet."), at 2, ECF No. 1. In 2024, Reyes Tapia applied for an adjustment of status with the Department of Homeland Security and has reported to previous check-ins with Immigration and Customs Enforcement ("ICE"). *Id.* ¶¶ 22–23. Reyes Tapia is married to a U.S. citizen. *Id.* ¶ 24.

On December 27, 2025, ICE detained Reyes Tapia and he has since been held at the Federal Detention Center in Philadelphia. *Id.* ICE has not set bond, and Reyes Tapia has been unable to seek review of his custody determination by an immigration judge. *Id.* ¶¶ 34–35.

The government contends that detaining Reyes Tapia without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See* Resp. Opp. to Pet. Habeas Corpus and Mot. for Restraining Order, at 10–16, ECF No. 4. Section 1225(b)(2) does not apply to individuals like Reyes Tapia, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025). The provision that applies to Reyes Tapia is 8 U.S.C. § 1226(a). That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in a nearly identical case where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment. *See Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.